# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| NATHANIEL MITCHELL | CIVIL ACTION NO. 06-692-P |
| VERSUS | JUDGE HICKS |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Nathaniel Mitchell ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on April 25, 2006. Plaintiff is incarcerated at the Forcht Wade Correctional Center in Keithville, Louisiana. He claims his civil rights were violated during his state criminal trial proceedings. He names the State of Louisiana, the City of Minden, Bill Robertson, Kathleen Babineaux Blanco, Willie Evans and Charles C. Foti as defendants.

Plaintiff claims that on June 26, 2000, he was arrested by the Webster Parish Sheriff Department and charged with possession with intent to distribute. He claims that on September 30, 2002, he was also charged with two counts of felony possession of a firearm while in possession of a controlled dangerous substance. He claims that on September 31,

---

[1] This decision is not intended for commercial print or electronic publication.

2002, he was convicted of possession with intent to distribute.  He claims that on November 8, 2002, the two counts of felony possession of a firearm while in possession of a controlled dangerous substance were dismissed.

Plaintiff claims Detective Willie Evans made false allegations against him and defamed him.  He claims Detective Willie Evans falsely accused him of distribution of illegal drugs.

Plaintiff claims that during his state criminal trial proceedings, he was represented by court-appointed attorney James Spradling.  He claims he contacted James Spradling after his second arraignment regarding legal assistance.  He claims James Spradling refused him additional legal assistance and filed a motion to be relieved as counsel because he did not reside in Webster Parish.  Plaintiff claims he received ineffective assistance of counsel during his state criminal trial proceedings.

Plaintiff claims that after he was arrested, the Webster Parish Sheriff Department confiscated numerous items of his personal property.  He claims there was never a forfeiture hearing regarding his property.

As relief, Plaintiff seeks monetary damages and fair court proceedings.

For the following reasons, Plaintiff's civil rights claims regarding his state criminal trial proceedings his should be dismissed as frivolous until the Heck conditions have been met and his property claims should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

**Heck Claim**

Plaintiff is seeking monetary damages from the Defendants for vindictive prosecution, inadequate legal representation, illegal incarceration and defamation.  The United States Supreme Court held that in order to recover monetary damages for an allegedly unconstitutional conviction, sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to made such determination, or called into question by a federal court's issuance of a writ of habeas."  Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994).  Heck involved a civil rights claim brought by a state prisoner.  The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove that his conviction or sentence has been invalidated.  He has not met this precondition and his complaint must be dismissed until such time that he can

demonstrate that his conviction or sentence has been invalidated or that the prosecution has been terminated in his favor.

**Property Claim**

Plaintiff claims his property was illegally forfeited.  Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities secured by the Constitution or laws of the United States" by a person acting under color of state law.  Accordingly, the initial inquiry and threshold concern of the reviewing court is whether Plaintiff's constitutional rights have been violated. See Parratt v. Taylor, 451 U.S. 527, 107 S. Ct. 1908 (1981).

The property of which Plaintiff was allegedly deprived can constitute "property" within the meaning of the Due Process Clause of the Fourteenth Amendment and its loss is worthy of redress if the loss implicates constitutional rights.  See id. at 542, 107 S. Ct. at 1916.  However, the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States.  See Baker v. McCollan, 433 U.S. 137, 99 S. Ct. 2689 (1979).  A constitutional deprivation of property without due process of law, as differentiated from a state tort law claim, must be intentional and plaintiff must allege specific facts which support such a conclusion.

Absent an intentional deprivation of property where the charge only supports a negligent failure by defendants, a constitutional deprivation does not lie. "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of

or injury to life, liberty or property." <u>Daniels v. Williams</u>, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986).  Moreover, even in instances where intentional deprivation occurs where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. <u>See</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984), <u>on remand</u>, 744 F.2d 22 (4th Cir. 1984); <u>Marshall v. Norwood</u>, 741 F.2d 761, 764 (5th Cir. 1984).  Mere assertions of intentionality are not enough in the absence of specific facts supporting the assertions and "even if the taking were intentional, the state could afford the [plaintiff] due process by providing a post-deprivation remedy for the redress of the unforeseeable, unauthorized injury... alleged." <u>Lewis v. Woods</u>, 848 F.2d 649, 652 (5th Cir. 1988).  Louisiana law provides Plaintiff the opportunity to seek redress for his loss, whether intentional or negligent.  <u>See</u> La. Civ. Code art. 2315.  Accordingly, Plaintiff has failed to state a claim cognizable under Section 1983.

## CONCLUSION

Because Plaintiff filed this proceeding <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  <u>See</u> 28 U.S.C. § 1915(e); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986); <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  <u>See</u> <u>Hicks</u>

v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke

v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims regarding his state

criminal trial proceedings be **DISMISSED WITH PREJUDICE** as frivolous under 28

U.S.C. § 1915(e) until such time as the Heck conditions are met and his property claims be

**DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties

aggrieved by this recommendation have ten (10) business days from service of this Report

and Recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another

party's objection within ten (10) days after being served with a copy thereof.  Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the

time of filing.

A party's failure to file written objections to the proposed findings, conclusions and

recommendations set forth above, within ten (10) days after being served with a copy shall

bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed

factual findings and legal conclusions that were accepted by the district court and that were

not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th

Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 27th

day of April, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE